IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MICHELE D. McARTHUR,

                Plaintiff,

vs.

SANDRA GILLER, M.D.,

                Defendant.

Case No.13-CV-734-FHM

## **OPINION AND ORDER**

Plaintiff's Motion to Compel, [Dkt. 38], is before the court for decision. Defendant was ordered to respond by August 26, 2014 and to include a discussion of Defendant's compliance with Fed.R.Civ.P. 26(a)(3)(A)(i) and 26(a)(2)(C)(i)(ii). Plaintiff was permitted to reply by August 28, 2014. [Dkt. 39]. Defendant's response brief was filed on August 26, 2014, and no reply brief was filed by Plaintiff.

In this medical malpractice action, Plaintiff served the following interrogatory on Defendant:

> INTERROGATORY NO. 4: Please state whether you or anyone on your behalf have interviewed or intend to call at trial any treating physician of Michele McArthur and, if so, please state:
> A. The name and address of each person present at the interview;
> B. Whether the interview was tape-recorded or otherwise transcribed;
> C. The date of the interview;
> D. The substance of the facts obtained during the interview;
> E. The substance of the facts or opinion to which he/she is expected to testify at trial, and
> F. Summary of the ground for each opinion intended to be offered at trial.

[Dkt. 38, p. 2]. Defendant responded as follows:

> RESPONSE TO INTERROGATORY NO. 4: Defendant objects to this request as being overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally this request is objectionable as it seeks information which is clearly protected by the attorney-client privilege and/or the attorney work product doctrine. Finally, the information requested is not discoverable pursuant to 12 O.S. § 3226(B)(3)(a).

*Id.*

The court finds that Defendant has no obligation to disclose any of the requested information as to whether any of Plaintiff's treating physicians have been interviewed by Defendant or on Defendant's behalf. That information falls squarely within the protection of the attorney work product doctrine embodied in Fed.R.Civ.P. 26(b)(3). *See Hickman v. Taylor*, 329 U.S. 495, 509-512, 67 S.Ct. 385, 392-394, 91 L.Ed. 451 (1947); *In re Subpoena Duces Tecum*, 738 F.2d 1367, 1371 (D.C. Cir. 1984).

The court ordered Defendant to discuss her compliance with Fed.R.Civ.P. 26 (a)(2)(C)(i)(ii) because some of the information requested in Interrogatory No. 4 seeks information which Defendant is required to provide under that rule. The court has reviewed Defendant's Pretrial Disclosures filed on July 15, 2014, [Dkt. 32], and finds Defendant's Pretrial Disclosures do not comply with Rule 26(a)(2)(C).

In 2010, the Federal Rules of Civil Procedure were amended to add rule 26(a)(2)(C), which addresses non-retained witnesses, such as treating physicians, who may by virtue of their training and relationship to the matters at issue offer opinion evidence. While such witnesses are not required to provide a written report, as part of the Rule 26 pretrial disclosures Rule 26(a)(2)(C) requires the party calling such a witness to state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; **and**
> (ii) **a summary of the facts and opinions to which the witness is expected to testify**.

[emphasis supplied]. Defendant's pretrial disclosures lists 19 physician witnesses. Defendant's Rule 26 disclosure describes the proposed testimony for 12 of the physicians, as follows:

> This witness will have information regarding [his/her] evaluation, assessment, diagnosis, communications, care and treatment of Michele McArthur's medial conditions, facts and circumstances regarding the allegations contained in Plaintiff's Complaint, and any and all issues related thereto.

[Dkt. 32, pp. 2-4]. The disclosure describes the proposed testimony for the remaining seven physicians, as follows:

> This witness will have information regarding certain diagnostic and interventional radiologic studies taken at Saint Francis Hospital.

[Dkt. pp. 3-4].

Defendant's disclosures may arguably satisfy the requirement of 26(a)(2)(C)(i) to state the subject matter of the witnesses' testimony. However, the disclosures do not contain any information that could possibly be cast as a summary of facts and opinions under Rule 26(a)(2)(C)(ii). To the extent Interrogatory No. 4 asks Defendant to state whether Defendant intends to "call at trial any treating physician of Michele McArthur" and to state "[t]he substance of the facts or opinion to which he/she is expected to testify at trial," the court finds that the interrogatory is requesting information which Defendant was

3

required by Rule 26(a)(2)(C)(ii) to supply.[1]  According to the Scheduling Order entered on February 24, 2014, that information was to have been provided to Plaintiff by July 15, 2014.  [Dkt. 21].  Therefore Plaintiff's motion is GRANTED as to that information.

Plaintiff has requested that, given the lateness of Defendant's disclosures under Rule 26(a)(2)(C), the court consider precluding Defendant from calling any of Plaintiff's treating physicians as witnesses at trial. [Dkt. 38, p. 5].  Under Fed.R.Civ.P. 37(c) where, as here, a party fails to provide information required by Rule 26(a), the party is not allowed to use that witness or information at trial unless the failure was substantially justified or harmless.  Nothing in Defendant's response suggests substantial justification for the failure to comply with Rule 26(a)(2)(C).  Likewise, there is nothing in the papers before the court that addresses whether Defendant's failure was harmless.  Accordingly, the determination as to whether Defendant will be allowed to call any treating physicians as witnesses will have to await Defendant's disclosure and further argument by Plaintiff.  Therefore, Plaintiff's request that Defendant be precluded from calling her treating physicians as witnesses is denied without prejudice to being reasserted after Defendant's disclosure.

Based on the foregoing analysis, Plaintiff's Motion to Compel, [Dkt. 38], is GRANTED in part and DENIED in part.  Defendant is hereby ORDERED to provide a disclosure as to whether Defendant intends to "call at trial any treating physician of Michele McArthur" and to state "[t]he substance of the facts or opinion to which he/she is expected

---

[1] *See Ingram v. Novartis Pharmaceuticals Corp.,* 282 F.R.D. 563, 565 (W.D. Okla.)(mere reference to undisclosed testimony is insufficient under Rule 26(a)(2)(C)), *Burreson v. BASF Corp.,* 2014 WL 4195588, *4-5 (E.D. Calif.)(discussing requirements of Rule 26(a)(2)(C) and sanction for failure to comply), *Hayes v. American Credit Acceptance,* 2014 WL 3927277 (D.Kan.)(discussing sufficiency of disclosures and availability of sanctions for non compliance), *A.R. by Pacetti v. Corporation of President of Church of Jesus Christ of Latter Day Saints,* 2013 WL 5462277 (D. Colo.)(discussing cases considering sufficiency of reports under Rule 26(a)(2)(C)).

to testify at trial," in conformity with Fed.R.Civ.P. 26(a)(2)(C). Since the discovery deadline in this case is September 15, 2014, and since the information was to have been provided by July 15, 2014, Defendant is hereby ORDERED to supply the information on or before September 9, 2014. If Defendant does not plan to call any of Plaintiff's treating physicians as witnesses, Defendant is required to advise Plaintiff of that fact in a supplemental answer to Interrogatory No. 4. The parties are to bear their own expenses under Fed.R.Civ.P. 374(a)(5)(C).

SO ORDERED this 5th day of September, 2014.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE